IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AQUILA INSPECTION SERVICES, LLC,
a Florida limited liability company,

       Plaintiff,

v.                                                Case No.: 8:2020-CV-216-T-24SPF

WEINTRAUB ENGINEERING AND
INSPECTIONS, INC., a Florida corporation;
JERRY M. WEINTRAUB, an individual,

       Defendants.
_____/

## MOTION TO DISMISS

Defendants Weintraub Engineering and Inspections, Inc., a Florida corporation and Jerry M. Weintraub, an individual, ("Defendants") requests entry of an order under Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's Complaint (Doc. 1). In support, Defendants state as follows:

### INTRODUCTION

Plaintiff alleges that this case arises out of a "long-running fraudulent scheme by Weintraub and his company" whereby Defendants "pitch that they can provide code-compliant inspections by qualified inspectors in a lower turnaround time and at a lower cost than their rivals" but, in doing so, Defendants "ignore applicable provisions of the code." (Compl. ¶¶ 2, 4, 8). At bottom, Plaintiff claims that Defendants have gained an unfair advantage in the market by doing a bad job inspecting construction projects. Plaintiff's claim has absolutely no effect on interstate commerce and none of the actions alleged in the Complaint constitute "advertising or promotion" under the Lanham Act. Further, Plaintiff has not pled any facts that would support its

counterintuitive conclusion that Plaintiff's sales and reputation have been harmed because Defendants do bad work. Taken together, these deficiencies illustrate the ultimate flaw in Plaintiff's claim—it is an attempt to stifle unwanted competition, not to redress unfair competition actionable under the Lanham Act. Plaintiff's Complaint should be dismissed.

## BACKGROUND

Plaintiff and Defendants both provide building inspection services for construction projects in Florida. (Compl. ¶¶ 1, 8). Builders hire Plaintiff and Defendants' inspectors to inspect construction projects at various stages of completion. (Compl. ¶ 19). The inspections are governed by the Florida Building Code, as augmented by applicable municipal regulations and guidelines from other organizations, such as the ASTM International. (Compl. ¶¶ 21, 22, 23, 25). Plaintiff claims that Defendant represents to customers that its inspections comply with the Florida Building Code but, in reality, they do not. (Compl. ¶¶ 34, 52.)

## LEGAL STANDARD

A. *Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain factual allegations which state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Regions Bank v. Kaplan*, No. 12-cv-1837, 2015 WL 1456706, at *3 (M.D. Fla. March 30, 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This court has recognized the following two principles that support this standard:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Second, only a complaint that states a plausible claim

for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* (internal citations omitted).

"On a motion to dismiss, inquiry is limited to well-pleaded facts in the complaint, documents attached to the complaint, and matters of judicial notice." *Duldulao v. La Creperia Cafe, Inc.*, 2011 WL 6840585, at *2 (M.D. Fla. Dec. 29, 2011). While leave to amend is usually freely given, courts need not allow an amendment where the amendment would be futile. *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B. *False Advertising under the Lanham Act*

The Lanham Act was enacted to "protect persons engaged in ... commerce against unfair competition." Id. at § 1127. Section 43(a) of the Lanham Act provides in relevant part that:

Any person who ... in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125(a)(1)(B).

To prevail on a false advertising claim under the Lanham Act, a plaintiff must establish that: (1) the defendant's advertisements were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the plaintiff has been injured as a result of the false advertising. *See*, e.g., *North Am. Med. Corp. v.*

3

*Axiom Worldwide*, Inc., 522 F.3d 1211, 1224 (11th Cir. 2008), *Hickson Corp. v. Northern Crossarm Co., Inc.,* 357 F.3d 1256, 1261 (11th Cir. 2004). Additionally it must be shown that such representations must constitute "commercial advertising or promotion." *VG Innovations, Inc. v. Minsurg Corp.,* 2011 WL 1466181, at *5 (M.D. Fla. Apr. 18, 2011) (citations, internal quotation marks, and alterations omitted).

## ARGUMENT

### I. Plaintiff's conclusory allegations do not satisfy the interstate commerce requirement.

Plaintiff has not pled any facts showing how the alleged advertising activities impact interstate commerce. Rather, Plaintiff makes only the wholly conclusory allegation that "Defendants made their false and misleading representations in interstate commerce and the false and misleading representations affect interstate commerce." (Compl. ¶ 61). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions;" instead they must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1263 (11th Cir. 2004). A complaint is insufficient where it contains nothing more than general allegations or conclusory statements regarding the effect on interstate commerce. *Lopez v. Marlborough House, Inc.*, 2013 WL 3224025, at *2 (S.D. Fla. June 25, 2013) (dismissing FLSA claim where the court could not discern from the complaint how a local condominium association engaged in interstate commerce), *see also Castro v. Calicraft Distributors*, LLC, 2015 WL 5042225, at *3 (N.D. Cal. Aug. 25, 2015) (dismissing trademark infringement claim under the Lanham Act where the complaint included only conclusory allegation that defendants were using the marks "in interstate commerce"), *Open Air Entm't, LLC v. CW Cases*, 2012 WL 12892362, at *5 (C.D. Cal. July 26, 2012) (dismissing false advertising

4

claim under the Lanham Act where allegations concerning dissemination into interstate commerce were conclusory).

Additionally, a complaint should be dismissed where the court cannot ascertain how the acts complained of can have any more than a *de minimis* impact on interstate commerce. *See Stone v. William Beaumont Hosp.*, 782 F.2d 609 (6th Cir. 1986) (gravamen of the complaint was that defendants illegally excluded a physician from using a local facility two or three times per month). The legal standard set forth in *Twombly* and *Iqbal* requires the Plaintiff's legal conclusions to be supported by factual allegations. Bare conclusory allegations that the false and misleading representations were made in interstate commerce and that the representations affect interstate commerce are not enough. (Compl. ¶¶ 46, 47, 48, 61). The Complaint contains no supporting factual allegations showing how interstate commerce is implicated here. As such, dismissal of Plaintiff's Complaint is proper.

Moreover, Plaintiffs cannot allege that this conduct implicates interstate commerce. These are Florida inspection companies soliciting Florida builders to inspect construction projects located in Florida. (Compl. ¶¶ 1, 8). These inspections are governed by Florida law and Florida municipal codes. (Compl. ¶¶ 19, 21, 22, 23). Interstate commerce is not implicated here. As such, this Court should dismiss Plaintiff's complaint without leave to amend because amendment would be futile. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### II. The alleged false advertising activities are not a "commercial advertising and promotion" sufficient to bring a claim under the Lanham Act.

For representations to constitute "commercial advertising or promotion," under the Lanham Act they must be:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Suntree Techs., Inc. v. Ecosense Intern., Inc., 693 F.3d 1338, 1349* (11th Cir. 2012)(citing *Gordon & Breach Sci. Publishers, S.A. v. Am. Inst. of Physics,* 859 F.Supp. 1521, 1535–36 (S.D. N.Y.1994)). "Isolated statements made by sales representatives are not sufficiently disseminated to the relevant purchasing public to constitute false advertising under the Lanham Act." *EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210, 1242 (N.D. Ga. 2014), *aff'd*, 703 Fed. Appx. 803 (11th Cir. 2017); *Suntree Techs., Inc. v. EcoSense Intern., Inc.*, 802 F. Supp. 2d 1273, 1287 (M.D. Fla. 2011), *aff'd,* 693 F.3d 1338 (11th Cir. 2012) (finding that a presentation which was only provided in two cities and on the defendant's website for less than two months did not result in sufficient dissemination to the relevant purchasing public).

Here, Plaintiff has not alleged sufficient dissemination to the relevant purchasing public to constitute advertising or promotion. In a conclusory manner, Plaintiff contends that "Defendants' misrepresentations are sufficiently disseminated to actual and prospective customers seeking building inspection services to as to constitute advertising." (Compl. ¶ 59). But Plaintiff fails to identify any facts supporting the broad dissemination necessary to state a claim. Rather, Plaintiff describes some unknown number of one-on-one conversations with builders where bids or proposals are being submitted. (Compl. ¶ 34). Those "[i]solated statements made by sales representatives" are not commercial advertising or promotion under the Lanham Act. ." *EarthCam,* 49 F. Supp. 3d at 1242.

**III**. **Plaintiff has not pled an injury under the Lanham Act.**

"To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014). Here, Plaintiff has pled neither. While Plaintiff claims that "Defendants' false and misleading representations have had a negative material effect on Plaintiff's business and the business of other competitors," the Complaint is devoid of any facts supporting this conclusion. (Compl. ¶ 62). To the contrary, if one accepts as true Plaintiff's claim that Defendants perform bad building inspections, it is far more plausible that conduct would strengthen Plaintiff's position in the market, not erode it.

## CONCLUSION

At bottom, Plaintiff's Complaint alleges that Defendants tell customers they do a good job, and then do a bad job. The numerous defects outlined above show that the Lanham Act is not designed to resolve this issue nor is a federal court the proper venue in which to resolve it. If that was true (and Defendants vehemently deny that it is), Defendants' customers and local regulatory authorities would have ample motive and opportunity to rectify it. This is, at best, a case of unwanted competition which Plaintiff has tried to bring within the Lanham Act with nothing more than factually unsupported conclusions. The Complaint should be dismissed.

/s/ David L. Luikart
David L. Luikart III
Fla. Bar No. 21079
dave.luikart@hwhlaw.com
michelle.armstrong@hwhlaw.com
Kristina A. Gandre
Hill Ward Henderson
Fla. Bar No. 112499

Kristina.gandre@hwhlaw.com
Julie.mcdaniel@hwhlaw.com
PO Box 2231
Tampa, FL 33601-2231
Telephone: 813-221-3900
Facsimile: 813-221-2900

*Attorney for Defendants*