UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AQUILA INSPECTION SERVICES, LLC,
a Florida limited liability company,

*Plaintiff,*

v.

CASE NO: 8:20-CV-00216-SCB-SPF

WEINTRAUB ENGINEERING &
INSPECTIONS, INC. f/k/a WEINTRAUB
INSPECTIONS & FORENSIC, INC., a
Florida corporation; and
JERRY M. WEINTRAUB, an individual,

*Defendants.*

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Aquila Inspections Services, LLC, by and through undersigned counsel, files this Response in Opposition to Defendants' Motion to Dismiss (Doc. 5) and states:

### INTRODUCTION

Aquila and the Weintraub Defendants (collectively "Weintraub" or "Defendants") are direct competitors in the building inspection industry. Aquila sued Defendants for false advertising in violation of the Lanham Act. Plaintiff's case can be summarized briefly as follows: In soliciting new business (via bids, proposals, and statements of work), Defendants represent that they perform inspections that are compliant with applicable building code. *See* Doc. 1 at ¶¶ 3, 4, 31, 32, 34, 35, 50, 51, 59. In reality, Defendants deploy a team of unlicensed, unqualified inspectors to job sites and explicitly instruct them to ignore critical aspects of applicable building code (e.g. Florida Building Code or FBC). *Id*. at 5, 8, 36, 38-42, 48, 49, 52-59. For years, Weintraub inspectors have completely ignored certain FBC requirements pertaining to the structural integrity of stucco walls and mold control.

Weintraub then doubles down on these misrepresentations by providing a certificate affirming that the properties at issue are code compliant.

Defendants raise three arguments in their Motion to Dismiss: (1) Plaintiff does not sufficiently allege an impact on interstate commerce. (2) The statements at issue do not constitute advertising or promotion. (3) Plaintiff has no injury. In Lanham Act cases, federal courts repeatedly have rejected these arguments at the pleading stage. First, Plaintiff easily satisfies the minimal requirement of alleging an impact on interstate commerce. The homebuilders impacted by Weintraub's fraud are large, national and regional corporations that build entire subdivisions and housing developments. An impact on the Florida business of a major homebuilder unquestionably implicates interstate commerce. Second, the representations at issue involve Defendants soliciting prospective business. Such solicitations constitute commercial speech. Finally, Plaintiff's alleged harm is clear: Weintraub's false advertising gives it an unfair market advantage. If customers in the relevant market were aware of Weintraub's fraud, they would cease doing business with Weintraub, and many would hire Aquila. Plaintiff's harm falls within the scope of the Lanham Act and *Lexmark*.

## **STANDARD**

To survive a motion to dismiss, a Plaintiff needs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint is proper as long as it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007)). The pleading standard favors plaintiffs: A court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *West v. Warden, Commissioner, Alabama Doc*, 869 F.3d 1289, 1296 (11th Cir. 2017).

To succeed on a Lanham Act false advertising claim, a plaintiff must establish that: (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the plaintiff has been or is

2

likely to be injured as a result of the false advertising. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

## ARGUMENT

### I. Plaintiff Easily Satisfies the Interstate Commerce Requirement

Plaintiff easily satisfies the Lanham Act's interstate commerce requirement. The Lanham Act applies to any conduct that has an effect on interstate commerce. *See* 15 USCS § 1125(a) ("Any person who, on or in connection with any goods or services, or any container for goods, *uses in commerce* any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact ...") (emphasis added); *Univ. of Fla. v. KPB, Inc.*, 89 F.3d 773 (11th Cir.1996) (finding that the "in commerce" requirement had been met because the marketing and sale of the subject products had an effect on interstate commerce); *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 453, n. 1 (11th Cir.1984) ("Therefore, this case satisfies the 'in commerce' jurisdictional requirement under the law of this circuit, which requires only that there be an 'effect' on commerce."). Courts have repeatedly described this requirement as easily satisfied or minimal. *See, e.g., N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, Case No. 07–11574, 522 F.3d 1211, 1218 n. 5 (11th Cir.2008) (""The Lanham Act defines 'commerce' broadly for jurisdictional purposes as 'all commerce which may lawfully be regulated by Congress.'")(quoting 15 U.S.C. § 1127); *see also Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833, 838 (11th Cir.1983) ( "This grant of jurisdiction has been construed to be 'at least as broad as the definition of commerce employed in any other federal statute.'") (citation omitted). Here, Plaintiff alleges that Defendants are defrauding national and regional homebuilders. Doc 1 at ¶¶ 19, 31-42. At the pleading stage, these allegations are sufficient.

Defendants fixate on the fact that the alleged misconduct physically occurred within the state of Florida. But Defendants completely misapprehend the interstate commerce requirement. First, by definition, national and regional homebuilders operate in interstate commerce. The fact that the at-issue

projects are located within Florida is irrelevant to the analysis. Second, even *intrastate* conduct that impacts *interstate* commerce still satisfies the jurisdictional requirement of the Lanham Act. *See Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1356 (11th Cir. 1983) (Lanham Act applies to intrastate transactions that affect interstate commerce and does not require physical crossing of state borders).

## II. Defendants' False Statements Are Commercial Speech

The false statements at issue constitute commercial speech. Courts in this circuit use the four-part test set forth in *Gordon & Breach Sci. Publishers v. Am. Inst. Of Physics*, 859 F.Supp. 1521, 1535-36 (S.D. N.Y. 1994) to determine whether statements constitute commercial speech. *See Futuristic Fences, Inc. v. Illusion Fence Corp.*, 558 F.Supp.2d 1270, 1279 (S.D. Fla. 2008); *AlphaMed Pharms. Corp. v. Arriva Pharms., Inc.*, 391 F.Supp.2d 1148, 1164 (S.D. Fla. 2005). Under this test, for statements to fall within the meaning of "advertising or promotion" they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) they must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Taslidzic v. Luther*, 2018 WL 3134419, at *3 (S.D. Fla. May 21, 2018).

Plaintiff has alleged that Defendants represent that they provide code-compliant inspections at a quicker turn around and lower cost than competitors to actual and prospective customers throughout Florida. Doc. 1 at ¶¶ 4, 31. Further, Plaintiff has alleged that Defendants affirmatively represent on their bids, proposals, and statements of work, that they have complied or will comply with all applicable building codes. *Id*. at ¶ 35. First, the false representations at issue are unquestionably commercial speech. Defendants make the false representations in the context of soliciting projects, submitting bids and proposals, and

4

providing a statement of work on prospective jobs. Such speech is both a direct invitation to trade and a communication designed to advance business interests. *Matonis v. Care Holdings Grp., L.L.C.*, 2019 WL 3386378, at *6 (S.D. Fla. June 25, 2019) ("Commercial speech encompasses not merely direct invitations to trade, but also communications designed to advance business interests ...."). (quoting *VG Innovations, Inc. v. Minsurg Corp.*, 2011 WL 1466181 at *5 (M.D. Fla. April 18, 2011) (citation omitted))). It is covered by the Lanham Act. *See, e.g., Ameritox, Ltd. v. Millennium Labs., Inc.*, 889 F. Supp. 2d 1304, 1312 (M.D. Fla. 2012). Second, the at issue speech constitutes advertising within the scope of the Lanham Act. The crux of Defendants' argument is that the speech does not constitute advertising or promotion because it was not sufficiently disseminated to actual and prospective customers. But that is not what the Complaint says. *See supra*. Plaintiff alleges that Defendants have engaged in the widespread, systematic use of falsified inspections and corresponding false representations to all of their customers and prospective customers. The cases Defendants cite are inapposite because they are both summary judgment cases. *See EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210 (N.D. Ga. 2014), aff'd, 703 F. App'x 803 (11th Cir. 2017); *Suntree Techs., Inc. v. EcoSense Int'l, Inc.*, 802 F. Supp. 2d 1273 (M.D. Fla. 2011), aff'd, 693 F.3d 1338 (11th Cir. 2012). Neither case supports dismissal of Plaintiff's claim at the pleading stage.

### III. Plaintiff Sufficiently Has Pled Injury Under the Lanham Act

Plaintiff alleges the following harm: Defendants' fraud enables them to obtain an unfair market advantage. Rather than using qualified inspectors and performing inspections up to code, Defendants use unqualified inspectors and skip entire sections of applicable building code. This allows Defendants to save time and money and, ultimately, to charge cheaper prices. This affords Defendants an unfair market advantage. Doc. 1 at ¶¶ 2, 8, 9 60, 62. Plaintiff and Defendants are direct competitors in the same product and geographic market. *Id.* at ¶¶ 1, 18, 30, 44, 45. If the relevant clients were aware of

Weintraub's fraud, they would cease to do business with Defendants, creating new business opportunities for Plaintiff. Plaintiff unquestionably falls within the zone of interests articulated in *Lexmark*. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 137–38, (2014) ("Static Control is suing not as a deceived consumer, but as a 'perso[n] engaged in' 'commerce within the control of Congress' whose position in the marketplace has been damaged by Lexmark's false advertising. There is no doubt that it is within the zone of interests protected by the statute.").

Defendants – inexplicably – argue that if they truly are performing shoddy work, this should only strengthen Plaintiff's market position. That is poor logic. The market does not know about Weintraub's fraud. When Weintraub-inspected properties develop cracks in the walls and mold infestations, homeowners (as well as builders and insurance companies) will remain oblivious to the true cause of the problem. Until Weintraub is forced to cease its false advertising and engage in corrective advertising, Aquila will remain at a market disadvantage and continue to suffer losses.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

Dated: March 3, 2020

Respectfully submitted,

By: *s/ Jonathan E. Pollard*

**Jonathan E. Pollard**
Florida Bar No.: 83613
jpollard@pollardllc.com
**Trial Counsel**

**Christopher S. Prater**
Florida Bar No.: 105488
cprater@pollardllc.com

**Pollard PLLC**
100 SE 3rd Ave., Ste. 601
Fort Lauderdale, FL 33394

Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff*
*Aquila Inspection Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via CM/ECF to all counsel of record in this action on March 3rd, 2020.

By: s/ *Jonathan Pollard*
Jonathan E. Pollard