UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AQUILA INSPECTION SERVICES, LLC,

        Plaintiff,

v.                                              Case No. 8:20-cv-216-T-24SPF

WEINTRAUB ENGINEERING AND
INSPECTIONS, INC. f/k/a WEINTRAUB
INSPECTIONS & FORENSICS, INC., a
Florida corporation, and JERRY M.
WEINTRAUB,

        Defendants.

_____/

# **O R D E R**

**THIS CAUSE** comes before the Court on Defendant Weintraub Engineering and Inspections, Inc. and Jerry M. Weintraub's Motion to Dismiss (Doc. 5) and Plaintiff Aquila Inspection Services, LLC's Response in Opposition (Doc.7). The Motion is denied for the reasons that follow.

## **I. STATEMENT OF CASE**

Plaintiff and Defendants are direct competitors in the building inspection industry throughout the State of Florida. Plaintiff sues Defendants for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff alleges that in soliciting new business (via bids, proposals, and statements of work), Defendants represent that they perform inspections that are compliant with the Florida Building Code ("FBC") when they actually deploy a team of unlicensed and unqualified inspectors to job sites and

explicitly instruct them to ignore critical aspects of the FBC. Plaintiff alleges that for years Defendants' inspectors have completely ignored certain FBC requirements pertaining to the structural integrity of stucco walls and mold control and that Defendants bolster the misrepresentations by providing a certificate affirming that the properties at issue are code compliant. Plaintiff alleges that Defendants' systematic use of fraudulent inspections affords them an unfair market advantage inasmuch as they are able to perform more services at a cheaper price than competitors.

Plaintiff brings this action to recover damages stemming from Defendants' conduct. It also seeks an injunction prohibiting further false advertising and barring Defendants from soliciting any building inspection projects while this litigation is pending or until such time as Defendants can demonstrate that they have taken appropriate remedial action and an affirmative injunction requiring Defendants to engage in corrective advertising and make appropriate disclosures to their clients and prospective clients.

## II. MOTION TO DISMISS

Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief can be granted. Defendants raise the following three arguments in their Motion to Dismiss: (1) Plaintiff does not sufficiently allege an impact on interstate commerce; (2) the statements at issue do not constitute advertising or promotion; and (3) Plaintiff has suffered no injury.

## III. STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

## IV. DISCUSSION

### A. The Interstate Commerce Requirement is Satisfied

To succeed on a Lanham Act false advertising claim, a plaintiff must establish that: (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false advertising. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

The Lanham Act applies to any conduct that has an effect on interstate commerce. *See* 15 USCS § 1125(a) ("Any person who, on or in connection with any goods or services, or any container for goods, *uses in commerce* any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact") (emphasis added); *Univ. of Fla. v. KPB, Inc.,* 89 F.3d 773 (11th Cir.1996) (finding that the "in

3

commerce" requirement had been met because the marketing and sale of the subject products had an effect on interstate commerce); *Rickard v. Auto Publisher, Inc.,* 735 F.2d 450, 453, n.1 (11th Cir.1984) ("Therefore, this case satisfies the 'in commerce' jurisdictional requirement under the law of this circuit, which requires only that there be an 'effect' on commerce."). Courts have repeatedly described this requirement as easily satisfied or minimal. *See, e.g., N. Am. Med. Corp. v. Axiom Worldwide, Inc.,* Case No. 07–11574, 522 F.3d 1211, 1218 n.5 (11th Cir.2008) ("The Lanham Act defines 'commerce' broadly for jurisdictional purposes as 'all commerce which may lawfully be regulated by Congress.'")(quoting 15 U.S.C. § 1127); *see also Jellibeans, Inc. v. Skating Clubs of Ga., Inc.,* 716 F.2d 833, 838 (11th Cir.1983) ( "This grant of jurisdiction has been construed to be 'at least as broad as the definition of commerce employed in any other federal statute.'") (citation omitted).

Here, Plaintiff alleges that Defendants are defrauding national and regional homebuilders. (Doc 1 at ¶¶19, 31-42). At the pleading stage, these allegations are sufficient. Defendants urge that the alleged misconduct physically occurred within the state of Florida; however, even *intrastate* conduct that impacts *interstate* commerce still satisfies the jurisdictional requirement of the Lanham Act. *See Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1356 (11th Cir. 1983) (Lanham Act applies to intrastate transactions that affect interstate commerce and does not require physical crossing of state borders). The intrastate conduct alleged by Plaintiff impacts interstate commerce. Therefore, Defendants' first ground for dismissal of the Complaint is without merit.

### B. The Alleged False Statements Constitute Advertising or Promotion

For statements to fall within the meaning of "advertising or promotion" they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) they must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Taslidzic v. Luther*, 2018 WL 3134419, at *3 (S.D. Fla. May

21, 2018)(citing *Gordon & Breach Science Publishers, S.A. v. American Institute of Physics*, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994)). Relying on summary judgment cases, Defendants argue that their alleged statements do not constitute advertising or promotion because they were not sufficiently disseminated to actual and prospective customers. *See EarthCam, Inc. v. OxBlue Corp.*, 49 F. Supp. 3d 1210 (N.D. Ga. 2014), *aff'd*, 703 F. App'x 803 (11th Cir. 2017); *Suntree Techs., Inc. v. EcoSense Int'l, Inc.*, 802 F. Supp. 2d 1273 (M.D. Fla. 2011), *aff'd*, 693 F.3d 1338 (11th Cir. 2012). Neither case offered by Defendants supports dismissal of Plaintiff's claim at the pleading stage.

Plaintiff alleges that Defendants represent to actual and prospective customers throughout Florida that Defendants provide code-compliant inspections at a quicker turnaround and lower cost than their competitors do. (Doc. 1 at ¶¶ 4, 31). Plaintiff also alleges that Defendants affirmatively represent on their bids, proposals, and statements of work, that they have complied or will comply with all applicable building codes. (*Id*. at ¶ 35). Further, Plaintiff alleges that Defendants have engaged in systematic use of falsified inspections and corresponding false representations to all of their customers and prospective customers via email, telephone, and in person. (*Id.* at ¶¶ 9, 34, 39). The alleged false representations are covered by the Lanham Act as commercial speech and advertising because they are made in the context of widespread solicitation of projects, submission of bids and proposals, and providing a statement of work on prospective jobs. Such speech is both a direct invitation to trade and a communication designed to advance business interests. *Matonis v. Care Holdings Grp., L.L.C.*, 2019 WL 3386378, at *6 (S.D. Fla. June 25, 2019); *Ameritox, Ltd. v. Millennium Labs., Inc.*, 889 F. Supp. 2d 1304, 1312

(M.D. Fla. 2012). Therefore, Defendants' second argument for dismissal of the Complaint is without merit.

### C. Plaintiff Sufficiently Alleges Injury

Plaintiff alleges that Defendants use unqualified inspectors and disregard entire sections of the Florida Building Code, rather than using qualified inspectors and performing inspections up to code, thereby allowing Defendants to save time and money and, ultimately, to charge cheaper prices. (Doc. 1 at ¶¶ 2, 8, 9 60, 62). Plaintiff alleges that this affords Defendants an unfair market advantage. (*Id.* at ¶¶ 2, 9). Plaintiff alleges it is a direct competitor with Defendants in the same product and geographic market. (*Id.* at ¶¶ 1, 18, 30, 44, 45). Furthermore, Plaintiff argues that its position in the marketplace has been damaged by Defendants' conduct, because if clients were aware of Defendants' fraud, they would cease to do business with Defendants, creating new business opportunities for Plaintiff. The Court agrees that the harm alleged by Plaintiff falls within the zone of interests protected by the Lanham Act. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 137–38, (2014) (holding that "Static Control is suing [under the Lanham Act] not as a deceived consumer, but as a 'perso[n] engaged in' 'commerce within the control of Congress' whose position in the marketplace has been damaged by Lexmark's false advertising. There is no doubt that it is within the zone of interests protected by the statute").

Defendants argue that Plaintiff fails to allege injury because if its allegations are accepted as true—that Defendants are performing shoddy work—this should only strengthen Plaintiff's market position. The Court agrees with Plaintiff, however, that this is faulty logic inasmuch as the market does not know about Defendants' alleged fraud. Plaintiff correctly argues that when Defendants' inspected properties later develop cracks in the walls and mold infestations, homeowners (as well as builders and insurance companies) will remain oblivious to the true cause of the problem. Therefore, Defendants' third argument for dismissal of the Complaint is without merit.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant Weintraub Engineering and Inspections, Inc. and Jerry M. Weintraub's Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of April, 2020.

_____
SUSAN C. BUCKLEW
United States District Judge

*Copies provided to:*
Counsel of record